IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CHARLES W. MYERS,<br>    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO.  EP-16-CV-0033-DCG<br>(-LS by consent) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles W. Myers ("Myers") seeks judicial review of the Commissioner's affirmance of the denial of Social Security benefits pursuant to 42 U.S.C. § 405(g). The parties consented to the transfer of the case to this Court for determination and entry of judgment. 28 U.S.C. § 636(c); Local Court Rule CV-72. Myers argues that the Commissioner's decision should be reversed and remanded for a rehearing. Finding no error, the Commissioner's decision is affirmed.

## I. Facts and Proceedings

Myers applied for disability benefits in May 2012, alleging that he had been disabled since May 1, 2009 because of arthritis, diabetes, and hypertension. After the Commissioner denied both Myers' initial application and his request for reconsideration, the Administrative Law Judge (ALJ) held a hearing in August 2014 at which Myers was represented by counsel and at which Myers and a vocational expert testified. The ALJ determined that Myers was not disabled within the meaning of the Social Security Act. The Appeals Council denied Myers' request for review, and the decision of the ALJ became the final decision of the Commissioner.

Myers argues that the ALJ failed to properly evaluate the medical opinions of a treating physician assistant. He also argues that ALJ failed to take into consideration his "excellent" work

history when evaluating his credibility.

## II. Analysis

### A. Legal Background

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work. *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001); 20 C.F.R. § 404.1520(a)(4).

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Perez*, 415 F.3d at 462. A court cannot, however, reweigh the evidence or try the issues *de novo*. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). The Commissioner, not the courts, must resolve conflicts in the evidence. *See Patton v. Schweiker*, 697

F.2d 590, 592 (5th Cir. 1983).

### B. Physician Assistant's Medical Opinion

The ALJ found that Myers had osteoarthritis in his knees which constituted a severe impairment, but found that Myers retained the residual functional capacity ("RFC") to perform "light work" with some exertional limitations. At step 4 of the analysis, the ALJ found that Myers could perform his past work as a vice president, and found at step 5 that there were other jobs in the economy that Myers could do as well. Myers argues the ALJ erred because she "rejected" the "treating source opinion" of John Almeida, a physician assistant who saw Myers. The record does not support this contention.

Not only did the ALJ not reject Almeida's opinions and clinical observations, she relied on them in generating Myers' RFC. She specifically relied upon Almeida's clinical observations about Myers' knee problems, including pain, swelling, and tenderness, which she found consistent with Myers' complaints. Almeida's observations, along with those of consulting orthopedist Dr. Bean, established "definite knee impairment." Indeed, the ALJ affirmatively utilized Almeida's clinical observations, in Myers' favor, to counter the medical opinion of consultative examiner Dr. Provencio that Myers' impairments would have no effect on his ability to work. She also used Almeida's clinical observations, again in Myers' favor, to counter state agency medical consultant Dr. Hall's opinion that Myers would have no work limitations.

Myers argues that a "Medical Opinion Questionnaire" that Almeida completed on June 27, 2013 establishes that he cannot work "8 hours a day, for 5 days a week, or an equivalent work schedule." *See* SSR 96-8p. He argues that Almeida is a "treating source" and that the ALJ did not sufficiently consider Almeida's opinion in light of Fifth Circuit precedent. The *Newton* case on

which Myers relies discusses the weight to be accorded treating *physicians'* opinions. *Newton v. Apfel*, 209 F.3d 448, 453-458 (5th Cir. 2000). Only "acceptable medical sources" can be "treating sources…whose medical opinions may be entitled to controlling weight," and physician assistants are "not 'acceptable medical sources.'" SSR 06-03P; *see also Andrade v. Astrue*, 2012 U.S. Dist. LEXIS 45903, 2012 WL 1106864, at *12 (N.D. Tex. Feb. 13, 2012) (a physician's assistant is not an "acceptable medical source" whose opinion is entitled to controlling weight). In this case, the ALJ specifically noted that "as a physician's assistant, Mr. Almeida is not an acceptable medical source."

Even though Almeida was not an "acceptable medical source," the ALJ nevertheless evaluated, relied upon, and incorporated Almeida's clinical observations and opinions into Myers' RFC determination. In addition to the clinical observations discussed above, the ALJ also utilized Almeida's June 2013 questionnaire responses. The ALJ specifically gave the postural limitations Almeida described in the questionnaire "some weight," and described how Dr. Provencio's consultative examination and Myers' own hearing testimony contradicted the parts of Almeida's questionnaire describing alleged standing and walking limitations. The ALJ was explicit that her final RFC determination rested on Almeida's treatment records, the examinations of Drs. Provencio and Bean, and on Myers' own hearing testimony. Accordingly, any assertion of error premised on an unexplained rejection of Almeida's medical opinions fails.

C.   **Excellent Work History**

Myers also contends that the ALJ erred because she "failed to even acknowledge" Myers' "lengthy and consistent work history" when gauging his credibility. The record does not support this contention. The ALJ's decision states:

The claimant's work history also weighs somewhat against the credibility of his allegations. Although the claimant testified that he worked for approximately twenty years in a labor-intensive contracting job, he also said that the original reason he quit working was due to the failure of the business and not his medical conditions.

The record belies Myers' contention that the ALJ ignored his work history when gauging his credibility because the ALJ did consider Myers' "prior work record" as the regulations mandate. 20 C.F.R. § 404.1529(c)(3). Moreover, an ALJ's assessment of a claimant's credibility is accorded great deference. *See Newton*, 209 F.3d at 459 (5th Cir. 2000). Finally, Myers cites several cases for the proposition that his testimony should automatically be accorded substantial credibility because of his lengthy work history. None are Fifth Circuit cases, however, and none are binding on this court. *See McGee v. Astrue*, 2012 U.S. Dist. LEXIS 186420, 2012 WL 7456174, at *8 (W.D. La. Nov. 26, 2012).

**AFFIRMED.**

**SIGNED** and **ENTERED** on October 14, 2016.

**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**